IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | Case No. 17-32805 |
| **Jenner Leary Vega** | § § | |
| **Carmen Elisa Vega** | § § | Chapter 13 |
| DEBTOR(S) | § § | |
| | § | |
| **WELLS FARGO BANK, N.A.** | § § | |
| MOVANT | § § | |
| | § | |

CHAPTER 13
AGREED ORDER CONDITIONING AUTOMATIC STAY (HOME)
(THIS ORDER RESOLVES DOCKET #53)

1.  This Order concerns the note that is secured by the Debtor(s)' home and that is held, directly or in its capacity as agent for the holder, by Wells Fargo Bank, N.A. ("Movant"). The property that is the subject of this motion is 7126 Rancheria, Houston, Texas 77083, and more particularly described as follows:

    LOT TWENTY (20), IN BLOCK THIRTY-NINE (39), OF MISSION BEND CABILDO SQUARE, SECTION 1, AN ADDITION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 242, PAGE 79 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS.

(the "Property"). Notices sent pursuant to this Order must be sent to Bonial & Associates, P.C. at 14841 Dallas Parkway, Suite 425, Dallas, Texas 75254 (if to Movant) and to Michael Glyn Busby JR. at Busby And Associates, 715 E. Whitney Street, Houston, TX 77022 (if to Debtor(s)).

2.  **By signing below, the Debtor(s) represents to the Court that the Debtor(s):**
    *A. If they are a salaried or wage employee, are currently operating under a wage order or have submitted all information to the Chapter 13 Trustee for the presentation of a wage order to the Court.*
    *B. If they are not a salaried or wage employee, are currently operating under an automated clearinghouse order or have submitted all information to the Chapter 13 Trustee for the presentation of an automated clearinghouse order to the Court.*

3.  The parties stipulate that unpaid amounts due post-petition total $0.00 and that Movant should be awarded attorneys' fees and costs in the amount of $0.00, (not to exceed $676.00), for a total post-petition amount owed of $0.00 (the delinquency referenced in the Motion for Relief has been cured).

4.  The Debtor(s) must:
    A. Timely make all regular payments concerning the Property, including all payments of principal, interest and escrows, beginning with the next regular payment due November 2018. If the plan is modified, payments should be made through the Chapter 13 Trustee in accordance with the Chapter 13 Trustee's mortgage payment procedures (unless otherwise ordered by the Court). If the plan is not modified, payments should be made directly to the Movant, Wells Fargo Bank, N.A., at PO Box 14507, Des Moines, Iowa 50306.
    B. Maintain insurance and pay all *ad valorem* taxes on the property and provide continuous proof of insurance and payment of *ad valorem* taxes to the holder of the note. This provision does not apply to escrowed taxes and insurance, payment of which is governed by paragraph 4A.
    C. Timely make all post-petition payments which are secured by the Property and which are required to be made to any community or homeowners association or pursuant to any condominium or town home declaration.
    D. Make all payments due to the Chapter 13 Trustee after the date of this Order, with the amount of such payments being made in the amount required under the proposed modification.

AGREED ORDER MODIFYING STAY

7879-N-8922

5. If the Debtor(s) fail to comply with paragraph 4 of this Order or makes a payment by insufficient check, the Movant must give the Debtor(s) and Debtor(s)' counsel written notice by regular and by certified mail. If the Debtor(s) fail to comply within 14 days of the date that notice was sent, it is a Final Default under this Order. Movant is only required to send two notices of default under this Order. If there is a third failure to comply with paragraph 4, it is a Final Default and no further notice of an opportunity to cure must be given.

6. The automatic stay remains in effect until (i) there is a Final Default under this order; (ii) this case is dismissed; or (iii) the Debtor(s) receives their bankruptcy discharge. If the stay terminates because there is a Final Default, the Movant must file a notice of termination of the automatic stay. The Debtor(s) may challenge any notice of termination by filing a motion to set aside the notice of termination. The motion must be filed within 14 days of the filing of the notice of termination. Pending consideration of the motion by the Court, the Movant may proceed with all actions preparatory to foreclosure, but may not consummate a foreclosure of the Property. Any co-debtor stay terminates at the time that the automatic stay terminates.

7. If the Court denies approval of a modification proposed by the Debtor(s), the Court will reconsider Movant's requested relief from the stay. In such an event, Movant should calendar the reconsideration for a hearing on a §362 hearing the day after the expiration of 14 days from the date on which approval of the proposed modification is denied.

**SO ORDERED:**

_____
The Honorable Marvin Isgur
United States Bankruptcy Judge

AGREED TO AND APPROVED BY:

| | |
|---|---|
| _/s/Eric Southward_____ | _/s/Chandra D. Pryor_____ |
| Eric Southward / TXBN _____ | Shelly K. Terrill / TXBN 00794788 |
| Busby And Associates | Braden P. Barnes / TXBN 24059423 |
| 715 E Whitney Street | Chandra D. Pryor / CABN 320903 |
| Houston, TX 77022 | Bonial & Associates, P.C. |
| (713) 974-8099 | Attorneys and Counselors |
| Attorney for Debtors | 14841 Dallas Parkway, Suite 425 |
| | Dallas, Texas 75254 |
| | (972) 643-6600 / (972) 643-6698 (Telecopier) |
| | E-mail: BkcyAttorneys@BonialPC.com |
| | Attorney for Wells Fargo Bank, N.A. |